USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   2/2/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHELLE J.,

                Plaintiff,

          -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

20-CV-07596 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated August 25, 2025 (Dkt. 26), plaintiff Michelle J. seeks an order, pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), approving an award of $26,138.50 in fees to her attorney, representing 25% of the past due benefits payable to her by the Social Security Administration (SSA) for the work that the attorney performed in this action. For the reasons that follow, I will grant the motion in the full amount requested – $26,138.50 – provided that, upon receipt of the award, counsel must refund $4,200 to plaintiff, representing the fees previously awarded under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

**Background**

Plaintiff applied to the SSA for disability insurance benefits and supplemental security income benefits in 2017, but the application was denied, and the Commissioner's decision became final on July 20, 2020. *See* Compl. (Dkt. 1) ¶¶ 5-8; Berger Aff. (Dkt. 27) Ex. C (Not. of Award), at 1. On September 8, 2020, plaintiff retained Daniel Berger, Esq., to file a civil action in this Court challenging the Commissioner's decision, and entered into a Retainer Agreement with attorney Berger. *See* Berger Aff. Ex. A (Ret. Ag.). Under the Retainer Agreement, plaintiff and Berger agreed that Berger would "handl[e] the claim for Social Security Disability benefits in Federal Court." Ret. Ag. at 1. They further agreed that "[i]f the litigation [were] successful" (which it was), and if plaintiff secured an award of past-due benefits (which she has), Berger would be entitled to

a fee equal to 25% of those past due benefits as compensation for his legal work in this Court. *Id*. ¶ 1.

On September 16, 2020, through attorney Berger, plaintiff filed this action, and on June 2, 2021 (after the administrative record was filed but before any motion practice or merits briefing), the parties stipulated to remand the action for further administrative proceedings. (Dkt. 19.) The Court so-ordered the remand that same day. (Dkt. 20.) On September 13, 2021, the Court awarded $4,200 in EAJA fees to attorney Berger. (Dkt. 25.)

On May 16, 2024, on remand, the Administrative Law Judge found that plaintiff was disabled as of July 8, 2015. *See* Berger Aff. ¶ 5. On August 17, 2025, the SSA issued its Notice of Award advising plaintiff that she was entitled to past-due benefits in the amount of $104,554, from which the sum of $26,138.50 (25%) was being withheld to cover a possible attorney's fee request. *See* Berger Aff. ¶¶ 9, 16[1]; Not. of Award at 3. Plaintiff now seeks an award of the full $26,138.50 pursuant to § 406(b).

The Commissioner does not object to plaintiff's motion but asks that the Court consider the reasonableness of the requested award, and that it direct plaintiff's counsel to reimburse plaintiff the EAJA fees that he previously received. (Dkt. 30.)

### **Legal Standards**

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case

---

[1] Paragraph 16 follows directly after paragraph 9 in the affirmation.

of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely filed, *see Sinkler v. Berryhill*, 932 F.3d 83, 86-90 (2d Cir. 2019), and then reviews the request for reasonableness. *Id.* at 90-91. The "applicable limitations period for filing § 406(b) motions" is the fourteen-day period set out in Fed. R. Civ. P. 54(d)(2)(B). *Sinkler*, 932 F.3d at 87-88. Thus, a § 406(b) fee motion must ordinarily be filed within fourteen days after the plaintiff receives the notice of award from the SSA. *Id*. at 87.

As to reasonableness, the Supreme Court has made it clear that § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (quoting *Vaupen v. Colvin*, 2017 WL 2304015, at *2 (S.D.N.Y. May 8, 2017)), *adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

## **Application**

Plaintiff's fee application was filed on August 25, 2025, eight days after the date on the Notice of Award, and is therefore timely.

3

Turning to the merits, I find that the *Pelaez* factors all weigh in favor of plaintiff's request. The requested $26,138.50 fee represents 25% of plaintiff's award, as authorized by 42 U.S.C. § 406(b)(1)(A) and contemplated by the Retainer Agreement, and there is no suggestion in the record that the Retainer Agreement was the result of fraud or overreach. Thus, the only remaining question is whether the requested award "is so large as to be a windfall." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Attorney Berger spent 20.2 hours working on plaintiff's case at the federal court level. Berger Aff. ¶ 7. Although counsel was never required to file a formal brief in this Court, his time records show that he spent approximately 9.3 hours reviewing the 1,098-page administrative record, and 6.9 hours preparing a letter to defendant's counsel setting forth plaintiff's "strongest arguments" for remand. Berger Aff. ¶ 3 & Ex. B, at 3. These arguments persuaded the Commissioner to stipulate that the case be remanded to the agency for additional proceedings. (Dkt. 18).

The requested $26,138.50, when divided by the 20.2 hours expended on this action, implies a *de facto* hourly rate of $1,293.98. Although it would be difficult to justify such a rate in a social security case "as part of a traditional 'lodestar' analysis, a 'lodestar' analysis does not apply" under § 406(b). *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018). "[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Thus, before reducing a § 406(b) fee award on "windfall" grounds, our Circuit requires that the court consider:

(i)     the "ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do";

(ii)    "the nature and length of the professional relationship with the claimant – including any representation at the agency level";

(iii)   "the satisfaction of the disabled claimant"; and

(iv)   "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

*Id.* at 854-55.

Attorney Berger is an experienced social security litigator who has represented claimants in district court challenging the final determination of the Commissioner with respect to both disability and non-disability determinations. *See* Berger Aff. ¶ 8. In this case, Berger digested a 1,098-page administrative record and on June 2, 2021, secured a stipulation remanding the matter to the SSA without the need for further motion practice. Consequently, the "ability and expertise of the lawyers," *Fields*, 24 F.4th at 854, furnishes no basis for reducing the requested fee.

Insofar as the record reflects, Berger began representing plaintiff on September 8, 2020, to seek review of the Commissioner's adverse final decision in this Court. It is not clear from the record whether Berger also represented plaintiff on remand before the agency. Nonetheless, given the successful outcome in this Court, followed by a robust award on remand, the Court presumes, in the absence of any contrary evidence, that plaintiff was satisfied with the quality of her representation by attorney Berger.

Finally, there is never any guarantee that a contingency case will be successful. "Lawyers who operate on contingency – even the very best ones – lose a significant number of their cases and receive no compensation when they do." *Fields*, 24 F.4th at 855; *see also Wells*, 907 F.2d at 371 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). Here, attorney Berger faced an uncertain outcome, but persisted in his representation and ultimately won a favorable outcome for his client.

For these reasons, I conclude that the $26,138.50 now requested does not constitute a prohibited windfall to plaintiff's attorney.

As noted above, the Commissioner asks that I direct plaintiff's counsel to reimburse the plaintiff the EAJA fees previously received by counsel. This proposal is consistent with the approach favored in this Circuit. *See, e.g., Janes v. Berryhill*, 498 F. Supp. 3d 540, 542 (S.D.N.Y. 2020) (noting that where attorney fees are awarded under both EAJA and § 406(b), it has long been the rule that "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting *Gisbrecht*, 535 U.S. at 796). Consequently, I will approve the requested § 406(b) award in the full amount of $26,138.50 and require counsel to refund – to his client – the EAJA funds previously awarded to him.

### Conclusion

For the reasons set forth above, plaintiff's motion (Dkt. 26) is hereby GRANTED. Plaintiff's attorney, Daniel Berger, Esq., is awarded the sum of $26,138.50 as attorney's fees, to be paid out of plaintiff's past-due benefits, from the monies retained by the Commissioner for that purpose. Attorney Berger is directed, upon receipt of the § 406(b) award, to refund to plaintiff the EAJA fees previously awarded, in the amount of $4,200.

The Clerk of Court is respectfully directed to close the motion at Dkt. 26.

Dated: New York, New York          SO ORDERED.
       February 2, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**

6